IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

GARY L. OBORNY,                                    )
                                                   )
ELLIOT F. LEKAWA TRUST,                            )
                                                   )
MUTH PROPERTIES, LLC,                              )
                                                   )
COLBY SANDLIAN REVOCABLE                           )
TRUST NO. 2,                                       )
                                                   )
DENNIS ROSS LIVING TRUST,                          )
                                                   )
MITCHELL R. HOEFER TRUST,                          )
                                                   )
GEORGE R. HOEFER TRUST,                            )
                                                   )
GEORGE H. WAITT, III,                              )
                                                   )
        and                                        )
                                                   )
FADI F. ESTEPHAN REVOCABLE TRUST                   )
                                                   )
        Plaintiffs,                                )
                                                   )
v.                                                 )    Case No.: 6:21-cv-01290
                                                   )
JEFF A. MOHAJIR, an individual                     )
        SERVE: Jeff A Mohajir                      )
               1001 W. 56th St.                     )
               Kansas City, MO. 64113              )
                                                   )
        Defendant.                                 )

## COMPLAINT

Plaintiffs, Gary L. Oborny, Elliot F. Lekawa Trust, Muth Properties, LLC, Colby Sandlian

Revocable Trust No. 2, Dennis Ross Living Trust, Mitchell R. Hoefer Trust, George H. Waitt, III,

and the Fadi F. Estephan Revocable Trust, by and through undersigned counsel, for their cause of

action against Jeff Mohajir, set forth and aver as follows:

1

## Parties, related entities, and Jurisdiction

1.      Plaintiff Gary L. Oborny is an individual, domiciled in the Sedgwick County, Kansas.

2.      Plaintiff Elliot F. Lekawa Trust is a trust domiciled in Kansas.

3.      Plaintiff Muth Properties, LLC is a South Dakota limited liability company whose members are domiciled in South Dakota.

4.      Plaintiff Colby Sandlian Revocable Trust No. 2 is a trust domiciled in Kansas.

5.      Plaintiff Dennis Ross Living Trust is a trust domiciled in Kansas.

6.      Plaintiff Mitchell R. Hoefer Trust is a trust domiciled in Kansas.

7.      Plaintiff George H. Waitt, III is an individual domiciled in Kansas.

8.      Plaintiff Fadi F. Estephan Revocable Trust is a trust domiciled in Kansas.

9.      Defendant Jeff A. Mohajir is an individual, domiciled in Jackson County, Missouri.

10.     Subject matter jurisdiction is proper pursuant to 28 U.S.C. § 1332 in that complete diversity of citizenship exists between the parties and the amount in controversy exceeds $75,000.

11.     Personal jurisdiction over Defendant Mohajir is proper pursuant to K.S.A. § 60-308(b)(1) in that Defendant Mohajir transacted business in the State of Kansas through his actions which include, but are not limited to, personally traveling to the state of Kansas to participate in meetings related to the events further described below in this Complaint and voluntarily and purposefully sent emails, text messages, and/or other communications to the State of Kansas.

12.     Personal jurisdiction over Defendant Mohajir is further proper pursuant to K.S.A. § 308(b)(1) in that he committed a tortious act in the State of Kansas.

2

13.    Personal jurisdiction over Defendant Mohajir is further proper pursuant to K.S.A. § 308(b)(1) in that he entered into an express or implied contract with a resident of Kansas which was to be performed, at least in part, in Kansas

14.    Personal jurisdiction over Defendant Mohajir is further proper pursuant to K.S.A. § 308(b)(1) in that he acted as a director of a Kansas corporation which was directly involved in the wrongful acts further articulated below.

15.    Venue is proper in the District of Kansas pursuant to 28 U.S.C. § 1391(b)(2) because, as further described below, a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in this District.

**40 Energy LLC and its Relationship with Defendant Mohajir and the Related Entities**

16.    Revelation Gas & Oil LLC (hereinafter "Revelation") is an Oklahoma limited liability company.

17.    Mohajir Energy Advisors, Inc. (hereinafter "MEA") is a Kansas corporation.

18.    40 Energy LLC (hereinafter "40 Energy") is a Kansas limited liability company.

19.    Ascent Management Group LLC (hereinafter "Ascent") is a Kansas limited liability company.

20.    Ascent is a member of 40 Energy, and has a 60% membership interest in 40 Energy.

21.    Ascent is the Manager of 40 Energy LLC.

22.    Plaintiff Oborny is, and was at all relevant times, a member of Ascent.

23.    Plaintiff Oborny has a 50% membership interest in Ascent.

24.    Plaintiff Elliot F. Lekawa Trust is a trust, and has a 3.333% membership interest in 40 Energy.

25.     Plaintiff Muth Properties, LLC is a limited liability company and has a 5% membership interest in 40 Energy.

26.     Plaintiff Colby B. Sandlian Revocable Trust No. 2 is a trust and has a 3.333% membership interest in 40 Energy.

27.     Plaintiff Dennis Ross Living Trust is a trust and has a 3.333% membership interest in 40 Energy.

28.     Plaintiff Mitchell R. Hoefer Trust is a trust and has a 3.333% membership interest in 40 Energy.

29.     Plaintiff George H. Waitt, III is an individual and has a 3.999% membership interest in 40 Energy.

30.     Plaintiff Fadi F. Estephan is an individual and has a 3.333% interest in 40 Energy.

31.     MEA is, and was at all relevant times, a member of Ascent.

32.     Defendant Mohajir is, and was at all relevant times, a Manager of Ascent.

33.     MEA has a 50% membership interest in Ascent.

34.     Upon information and belief, Defendant Mohajir is the Manager of Revelation.

35.     Defendant Mohajir is the President of MEA.

**40 Energy Manager**

36.     Section 5.3 of the 40 Energy Amended and Restated Operating Agreement includes the following language in pertinent part:

Notwithstanding the foregoing, the Manager or any Member or group of Members shall not have the authority, without the affirmative approval of all Members, to do any act which by any provision of this Agreement requires the consent, vote, approval or authorization of all Members.  The Manager and Company officers will

4

have no fiduciary duty (including, but not limited to, any duty of loyalty or duty of care) to the Company or to any Member of the Company, except (1) a duty to act in good faith, (2) a general obligation of fair dealing with respect to the Company and its Business, (3) any duty expressly set forth in this Agreement, and (4) any duty expressly set forth in other written agreements.

## The Revelation Assets

37. The Amended and Restated Operating Agreement of 40 Energy was dated to be effective on December 18, 2020.

38. It was signed by Ascent as a member and Manager, by Jeff Mohajir.

39. As set forth in the Amended and Restated Operating Agreement of 40 Energy, Section 3.2 requires in pertinent part, "Within 30 days after the execution of this Agreement and subject to the satisfaction of any requirements from the Company's lender, Manager will contribute the Revelation Assets to the initial capital of the Company."

40. The "Revelation Assets" described above are set forth in Exhibit B attached to the Amended and Restated Operating Agreement of 40 Energy.

41. A true and correct copy of Exhibit B to the Amended and Restated Operating Agreement of 40 Energy is attached as "Exhibit 1."

42. The Revelation Assets include operating gas and oil wells.

43. More than 30 days passed without the membership interests of the "Revelation Assets" being transferred to 40 Energy.

44. In exchange for the promise to transfer the membership interests in the Revelation Assets, an additional ownership percentage in 40 Energy were granted that benefitted Defendant Mohajir.

5

45.    The Revelation Assets have value, and have produced oil and gas revenue since 30 days after the 40 Energy Amended and Restated Operating Agreement was executed.

46.    The Revelation Assets are expected to continue to produce oil and gas revenue into the future, until such time as they no longer produce.

47.    If the Revelation Assets membership interests were timely transferred into 40 Energy, then the Revelation Assets would have generated income that would have become income of 40 Energy.

48.    If the membership interests in Revelation Assets would have been timely transferred to 40 Energy, then those assets would have added value to 40 Energy.

49.    From the 30 days after the membership interests in Revelation Assets were to be transferred to 40 Energy to the present, the Revelation Assets produced net income.

50.    From the 30 days after the membership interests in the Revelation Assets were to be transferred to 40 Energy to the present, the Revelation Assets have increased in value.

51.    As of the time of filing this Complaint, the membership interests in Revelation Assets have not been transferred into 40 Energy.

52.    Because the membership interests Revelation Assets were not transferred to 40 Energy, it lost income and the value of the Revelation Assets had the membership interests been transferred as promised.

53.    Defendant Mohajir promised and represented he would transfer or cause to be transferred the membership interests in the Revelation Assets into Ascent so they may be subsequently transferred into 40 Energy.

54.    Defendant Mohajir had apparent or actual authority to make the representation that the membership interests in the Revelation Assets would be transferred as he promised.

6

55.     The Revelation Assets' value has increased significantly since Defendant breached his promise to transfer them to Ascent, and thereby to 40 Energy.

56.     Upon information and belief, the Revelation Assets' value will continue to increase in the future. Absent Defendant's specific performance of his contractual obligations as set forth above, Plaintiffs will not only be deprived of the increase in the Revelation Assets' value to date, but also the expected future increase.

## Private Placement Memorandum

57.     In order to fund 40 Energy, a Private Placement Memorandum (hereinafter "PPM") dated September 2020 was circulated to potential investors.

58.     The PPM represented to investors that the Revelation Assets would be part of the assets of 40 Energy.

59.     The representation in the PPM about the 40 Revelation Assets was based on representations made by Defendant Mohajir.

60.     Plaintiffs reasonably and justifiably relied upon this representation in making their investment.

61.     Plaintiff Oborny reasonably and justifiably relied upon this representation in encouraging others to invest in 40 Energy.

## The Hiring of MEA

62.     Defendant Mohajir hired MEA to provide operational management services as set forth in the Services Agreement.

63.     A true and correct copy of a draft of the Services Agreement, as emailed by Jeff Mohajir to Gary Oborney and others on or about 12/17/20 is attached as Exhibit 2, and incorporated by reference.

64. The draft Services Agreement was later fully executed.

65. The Services Agreement signed by Defendant Mohajir for both 40 Energy and MEA.

66. Section 5.11 of the Amended and Restated Operating Agreement of 40 Energy includes restrictions on the Manager, which states:

5.11 Contracts with Affiliates. The Company may enter into various contracts with Affiliates of the Manager and/or one or more of the Members only if the terms of such transaction are fair and reasonable to the Company and are not more burdensome to the Company than the terms available from an independent, third-party provider. Upon request, Manager will give Members copies of any contacts or agreements between the Company and Manager or Affiliates of Manager.

67. Jeff Mohajir, as a Manager of Ascent, hired MEA to manage the 40 Energy oil and gas production.

68. MEA was charging Ascent $100,000 per month to manage the oil and gas production of 40 Energy.

69. Plaintiff Oborny later discovered that these same services could be provided by another independent third party provider for approximately $35,000 per month.

## COUNT I
(Breach of Fiduciary Duty)

70. Plaintiffs incorporate by reference paragraphs numbered 1 through 69 above, as though set forth *in haec verba*.

71. Defendant Mohajir had a fiduciary duty to 40 Energy.

72. Defendant Mohajir had a fiduciary duty to Ascent.

73. Defendant Mohajir had a fiduciary duty to Plaintiffs.

8

74. Defendant Mohajir had a fiduciary duty to include true and correct information in the PPM concerning the Revelation Assets.

75. Defendant Mohajir had a fiduciary duty due to the written language of the operating agreements, the factual circumstances surrounding the involved transactions, including the PMM, and the relationship of the parties and entities.

76. Plaintiffs trusted and relied upon Defendant Mohajir's representations concerning the transfer of the membership interests of the Revelation Assets into 40 Energy.

77. Plaintiffs trusted and relied upon Defendant Mohajir's hiring of MEA that it was done in a fair and reasonable manner.

78. Defendant Mohajir breached his fiduciary duty, including but not limited to one or more of the following respects:

    a)    He failed to act in good faith;

    b)    He failed to act in a manner consistent with fair dealing; and

    c)    Representations expressly set forth in the agreements, the PPM, and/or made orally.

79. Defendant Mohajir failed to have the membership interests in the Revelation Assets transferred to 40 Energy.

80. Defendant Mohajir failed to hire an entity to manage the 40 Energy gas and oil interests, at a price that these same services could be provided by another independent third party provider.

81. Instead, Defendant Mohajir engaged in self-dealing by hiring MEA, a company he was affiliated with, at a price above what a reasonable independent third party provider would charge.

82.    As a result of Defendant Mohajir's breach of his fiduciary duty, Mohajir caused the membership interests in the Revelation Assets to not be transferred in 40 Energy.

83.    As a result of Defendant Mohajir's breach of fiduciary duty, it caused Ascent to hire MEA at a cost above what a reasonable independent third party provider would charge.

84.    The aforementioned breaches resulted in financial harm to Plaintiffs.

WHEREFORE, Plaintiffs pray for judgment in their favor and against Defendant Mohajir on Count I for an amount in excess of $100,000, for an order requiring Defendant Mohajir to specifically perform his contractual obligation to assign the Revelation Assets to Ascent and any other contractual obligations alleged herein, together with all other relief the court deems just and proper, as well as court costs.

## COUNT II
(Breach of Oral Contract)

85.    Plaintiffs incorporate by reference paragraphs numbered 1 through 84 above, as though set forth *in haec verba*.

86.    In December of 2018, Defendant Mohajir orally promised that the membership interests of the Revelation Assets would be transferred into 40 Energy, within 30 days of the execution of the Amended and Restated Operating Agreement of 40 Energy.

87.    As a result of this oral contract the Amended and Restated Operating Agreement was drafted and executed.

88.    Defendant Mohajir breached the oral contract as the membership interests of the Revelation Assets were never transferred into 40 Energy.

89.    As a result of Defendant Mohajir's breach, Plaintiffs have been damaged.

WHEREFORE, Plaintiffs pray for judgment in their favor and against Defendant Mohajir on Count II for an amount in excess of $100,000, for an order requiring Defendant Mohajir to

specifically perform his contractual obligation to assign the Revelation Assets to Ascent and any other contractual obligations alleged herein, together with all other relief the court deems just and proper, as well as court costs.

## COUNT III
(Intentional Interference with a Prospective Business Advantage)

90. Plaintiffs incorporate by reference paragraphs numbered 1 through 89 above, as though set forth *in haec verba*.

91. A business relationship and expectancy existed as set forth above.

92. Defendant knew or should have known that Plaintiffs:

   a) Expected the membership interests in the Revelation Assets to be transferred into 40 Energy; and/or

   b) Expected that the company hired to manage the 40 Energy oil and gas interests would be hired at what a reasonable independent third party provider would charge. Defendant knew or should have known that Plaintiffs expected the membership interests in the Revelation Assets to be transferred into 40 Energy. As a result of Defendant Mohajir's interference, the above expectations were not realized.

93. As a result of Defendant Mohajir's intentional inference, Plaintiffs were damaged.

WHEREFORE, Plaintiffs pray for judgment in his favor and against Defendant Mohajir on Count IV for an amount in excess of $100,000, together with all other relief the court deems just and proper, as well as court costs.

## COUNT V
(Negligent Misrepresentation)

94. Plaintiffs incorporate by reference paragraphs numbered 1 through 92 above, as though set forth *in haec verba*.

95. Defendant Mohajir had a duty to represent true information concerning the membership interests in the Revelation Assets being transferred when communicating to 40

11

Energy, Ascent, and Plaintiffs Oborny.  When Defendant Mohajir represented that the membership interests of the Revelation Assets would be transferred into 40 Energy, he did so without exercising reasonable care or competence to obtain or communicate true information.

96.     Defendant Mohajir's misrepresentation caused financial harm to Plaintiffs.

WHEREFORE, Plaintiffs pray for judgment in his favor and against Defendant Mohajir on Count V for an amount in excess of $100,000, for an order requiring Defendant Mohajir to specifically perform his contractual obligation to assign the Revelation Assets to Ascent and any other contractual obligations alleged herein, together with all other relief the court deems just and proper, as well as court costs.

## COUNT VI
(Quantum Meruit)

97.     Plaintiffs incorporate by reference paragraphs numbered 1 through 96 above, as though set forth *in haec verba*.

98.     Plaintiffs conferred a benefit on Defendant Mohajir.

99.     Defendant Mohajir had appreciation or knowledge that a benefit had been conferred upon him by Plaintiffs.

100.    Defendant retained the benefit without paying its value.

101.    As a result of Defendant Mohajir retaining the benefit, Plaintiffs were damaged.

WHEREFORE, Plaintiffs pray for judgment in his favor and against Defendant Mohajir on Count VI for an amount in excess of $100,000, for specific performance, together with all other relief the court deems just and proper, as well as court costs.

## COUNT VII
(Unjust Enrichment)

102.   Plaintiffs incorporate by reference paragraphs numbered 1 through 101 above, as though set forth *in haec verba*.

103.   Plaintiffs conferred a benefit on Defendant Mohajir.

104.   Defendant Mohajir had appreciation or knowledge that a benefit had been conferred upon him by Plaintiffs.

105.   Defendant retained the benefit without paying its value.

106.   As a result of Defendant Mohajir retaining the benefit, Plaintiffs were damaged.

WHEREFORE, Plaintiffs pray for judgment in his favor and against Defendant Mohajir on Count VII for an amount in excess of $100,000, for an order requiring Defendant Mohajir to specifically perform his contractual obligation to assign the Revelation Assets to Ascent and any other contractual obligations alleged herein, together with all other relief the court deems just and proper, as well as court costs.

Respectfully submitted,

*/s/ James R. Jarrow*
James R. Jarrow, Esq.                KS #14287
BAKER STERCHI COWDEN & RICE L.L.C.
9393 West 110th Street, Suite 500
Overland Park, Kansas  66210
Telephone:    (913) 451-6774
Facsimile:    (816) 472-0288
Email: jarrow@bscr-law.com

ATTORNEY FOR PLAINTIFFS