**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF KANSAS**

| | | |
|---|---|---|
| **GARY OBORNY, et al.** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | **Case No.  6:21-CV-01290** |
| | ) | |
| **JEFF MOHAJIR,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**DEFENDANT'S MOTION TO COMPEL ARBITRATION**
**OR, ALTERNATIVELY, TO DISMISS PLAINTIFFS' COMPLAINT**

Defendant Jeff Mohajir respectfully submits this Motion to Compel Arbitration Or, Alternatively, to Dismiss Plaintiffs' Complaint pursuant to Rule 12(b)(6) and files concurrently herewith a Memorandum in Support of this Motion.

**Factual Background**

Plaintiffs have certain ownership or other interests in 40 Energy, LLC, which operates in the oil and gas industry.  Plaintiff Gary Oborny has an ownership and management interest in another entity, Ascent Management Group, LLC, which is the designated Manager of 40 Energy, LLC.  Defendant Mohajir, in his individual capacity, is not a member or Manager of 40 Energy, LLC, nor a member of Ascent Management Group, LLC.  Defendant Mohajir is a Manager of Ascent, with 49% voting interest, whereas Plaintiff Gary Oborny is a Manager of Ascent with a controlling 51% voting interest.

Plaintiffs allege Defendant Mohajir is liable to them for two reasons:

• Defendant Mohajir allegedly failed to transfer certain oil and gas infrastructure and holdings known as the Revelation Assets into 40 Energy LLC, as allegedly required by

Section 3.2 of the 40 Energy Operating Agreement, resulting in alleged financial harm to Plaintiffs.

- Defendant Mohajir hired MEA, an affiliate, to manage 40 Energy LLC's oil and gas holdings on terms that are allegedly not fair and reasonable to 40 Energy LLC, in violation of Section 5.11 of the 40 Energy Operating Agreement.

## Motion to Compel Arbitration

Plaintiffs' allegations are wholly without merit and directed to the wrong party, as more fully explained in the Motion to Dismiss presented in the alternative herein. However, Defendant Mohajir requests the Court compel arbitration of Plaintiffs' claims under the Federal Arbitration Act because the claims arise under, or are related to, the 40 Energy LLC Operating Agreement, and/or the Ascent Management Group, LLC Operating Agreement—both of which contain broad Arbitration Agreements which encompass the subject matter of this action. Accordingly, Defendant Mohajir requests the Court issue an Order compelling arbitration and either dismissing or staying this action to allow the arbitration to proceed.

## Motion to Dismiss for Failure to State a Claim

In the alternative, should the Court decline to compel arbitration, Defendant Mohajir requests the Court dismiss all of Plaintiffs' claims under Rule 12(b)(6):

- Plaintiffs' claims are substantially based upon the allegation that Defendant Mohajir failed to meet a purported contractual obligation to transfer the Revelation Assets to 40 Energy. However, the 40 Energy, LLC Operating Agreement clearly states this contractual obligation belongs to the Manager of 40 Energy—which is **Ascent Management Group, LLC**, not Defendant Mohajir. Notably, Plaintiff Gary Oborny is the controlling Manager of Ascent, so

2

ironically he has brought a claim *that an entity which he effectively controls, Ascent, has failed to contribute the Revelation Assets.*

- Plaintiffs' claim for breach of fiduciary duty (Count I) fails as a matter of law, in that Plaintiffs wholly fail to allege sufficient factual information to support the existence of a fiduciary relationship between Defendant Mohajir and Plaintiffs. Moreover, under Kansas law, the tort claim of breach of fiduciary duty is untenable where the claims arise solely from contractual duties, as alleged by Plaintiffs here. Thus, the claim should be dismissed. *Swimwear Sol., Inc. v. Orlando Bathing Suit, LLC*, 309 F. Supp. 3d 1022, 1033 (D. Kan. 2018)

- Plaintiffs' claim for breach of oral contract (Count II) fails as a matter of law, in that the "well established" rule in Kansas is that a breach of oral contract claim must be dismissed where the purported oral contract led to the drafting and execution of a written contract which governs the parties' relationship. *Frogge v. Belford*, 211 P.2d 49, 51-52 (Kan. 1949), quoting *McKay v. Clark*, 178 P.2d 679, 680 (Kan. 1947) Here, Plaintiffs' claim concerns an alleged oral contract in which Defendant Mohajir promised to transfer the Revelation Assets to 40 Energy, LLC—but this oral contract was later superseded by the written 40 Energy, LLC Operating Agreement which requires the Manager (Ascent) to transfer the Revelation Assets.

- Plaintiffs' claim for intentional interference with a prospective business advantage (Count III) fails as a matter of law, in that the tort requires the defendant to be an "outsider" to the purported business transaction in order to interfere with it. Here, Plaintiffs' allege Defendant Mohajir is an "insider" with contractual obligations under the 40 Energy, LLC Operating Agreement and Plaintiffs request "specific performance" of these purported contractual obligations. Because "[i]t is well-established that the relation must be one to which the defendant is an outsider, for one cannot 'interfere' with its own affairs," the claim must be

3

dismissed. *Hoxeng v. Topeka Broadcomm, Inc.*, 911 F.Supp. 1323, 1336 (D. Kan. 1996). Additionally, Plaintiffs' claim, as pled, falls woefully short of alleging the elements required for the claim and, as mentioned above, are misdirected to Defendant Mohajir rather than Ascent, which actually holds the contractual obligations raised in Plaintiffs' Complaint and is controlled by Plaintiff Gary Oborny.

- Plaintiffs' negligent misrepresentation claim (Count V) fails as a matter of law, in that it is premised on a purported promise by Defendant Mohajir <u>to perform a future agreement</u>—i.e., to transfer the Revelation Assets after the execution of the 40 Energy, LLC Operating Agreement and subject to lender requirements—rather than premised on a <u>present, existing fact</u> as required under Kansas law.  Accordingly, the claim must be dismissed.  *Indy Lube Invs., L.L.C. v. Wal-Mart Stores, Inc.*, 199 F. Supp. 2d 1114, 1123 (D. Kan. 2002)(dismissing negligent misrepresentation claim based on allegation by defendant of completing future real estate contract), citing *Graphic Techs., Inc. v. Pitney Bowes, Inc.,* 998 F.Supp. 1174, 1179 (D.Kan.1998) and *Wilkinson v. Shoney's, Inc.,* 269 Kan. 194, 221, 4 P.3d 1149, 1167 (2000).

- Finally, Plaintiffs bring two claims for equitable relief, sounding in quantum meruit and unjust enrichment, premised upon the same alleged contractual breaches by Defendant Mohajir.  However, Kansas law is clear that claims for quantum meruit and unjust enrichment must be dismissed if there is a written agreement covering the subject matter on which the equitable claims are based. *Sayers Constr., LLC v. W. Sur. Co.*, No. 216CV02086JTMKGS, 2016 WL 7210606, at *1 (D. Kan. Dec. 13, 2016), citing *Ron Medlin Constr. v. Harris*, 364 N.C. 577, 580, 704 S.E.2d 486, 489 (2010) (quantum meruit "is not an appropriate remedy when there is an actual agreement between the parties"); *Ice Corp. v.*

4

*Hamilton Sundstrand Inc.*, 444 F.Supp.2d 1165, 1170-1171 (D. Kan. 2006)(dismissing claims for unjust enrichment and quantum meruit due to the existence of a written contract). Here, since Plaintiffs' Complaint is couched entirely in terms of Defendant Mohajir allegedly violating specific sections of the 40 Energy Operating Agreement, there is a written contract covering the same subject and the equitable claims must be dismissed.

## CONCLUSION

Based upon the arguments and authorities summarized here and presented more fully in the Memorandum in Support of this Motion filed concurrently herewith, Defendant Mohajir respectfully requests the Court enter an Order compelling arbitration and dismissing or staying this action. Alternatively, Defendant requests the Court dismiss Plaintiffs' Complaint for failure to state a claim under Rule 12(b)(6), and for such further and additional relief as the Court deems appropriate.

Respectfully submitted,

**FRANKE SCHULTZ & MULLEN, P.C.**

*/s/ John L. Mullen*

| | |
|---|---|
| John L. Mullen | KS #22994 |
| Christopher M. Harper | KS #23273 |

8900 Ward Parkway
Kansas City, Missouri 64114
(816) 421-7100 (Telephone)
(816) 421-7915 (Facsimile)
*jmullen@fsmlawfirm.com*
*charper@fsmlawfirm.com*
**ATTORNEYS FOR DEFENDANT
JEFF MOHAJIR**

5

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the above
and foregoing filed and delivered via the court's
electronic notification system and emailed
this 4th day of January, 2022, to:

James Jarrow, Esq.
Brett Simon, Esq.
Joanna Orscheln, Esq.
BAKER STERCHI COWDEN & RICE, LLC
9393 W. 110th St., Ste. 500
Overland Park, Kansas 66210
(913) 451-6774 (Telephone)
(816) 472-0288 (Fax)
*jarrow@bscr-law.com*
*bsimon@bscr-law.com*
*jorscheln@bscr-law.com*
**ATTORNEYS FOR PLAINTIFFS**


*/s/ John L. Mullen*_____
**ATTORNEY FOR DEFENDANT**
**JEFF MOHAJIR**

6